UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| TIFFANY BISSELL, <br><br> Plaintiff, <br><br> v. <br><br> BANK OF AMERICA, N.A. and <br> TRANSUNION LLC, <br><br> Defendants. | 6:19-cv-00394-ADA-JCM |

**JOINT RULE 26(f) REPORT**

Pursuant to this Honorable Court's Order (Dkt. #19), TIFFANY BISSELL ("Plaintiff"), BANK OF AMERICA, N.A. ("BANA") and TRANSUNION LLC ("TransUnion") (collectively, "Defendants") submit their Joint Rule 26(f) Report.

1. Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.

   **There are no outstanding jurisdiction issues.**

2. Are there any unserved parties? If more than 90 days have passed since the filling of the Complaint or Petition, should these unserved parties be dismissed?

   **All parties in the matter have been served and are represented by counsel.**

3. What are the causes of action, defenses, and counterclaims in this case? What are the element of the cause(s) of action, defenses and counterclaims pled?

   **Plaintiff brings Count I of her Complaint for TransUnion's alleged violations of the Fair Credit Reporting Act pursuant to 15 U.S.C. §§ 1681i *et al.*, e(b) and c. Plaintiff alleges that TransUnion violated the FCRA by falsely reporting an account with a balance that was much greater than her actual obligation, and failing to conduct a reasonable investigation into the same.**

**Plaintiff brings Count II of her Complaint for BANA's alleged violations of the Fair Credit Reporting Act pursuant to 15 U.S.C. §§ 1681s *et al.* Plaintiff alleges that BANA violated the FCRA by wrongfully furnishing erroneous information to TransUnion and failing to conduct a reasonable investigation into the same.**

**Plaintiff brings Count III of her Complaint for BANA's alleged violations of the Texas Debt Collection Practices Act pursuant to**

**Defendant BANA denies Plaintiff's allegations in their entirety, and contends her petition fails to state a plausible claim on which relief can be granted.**

**As discovery has yet to commence, Trans Union cannot provide this Court will a complete factual background of the case as it relates specifically to Plaintiff. Upon information and belief, Trans Union has accurately reported credit information pertaining to the Plaintiff. At all relevant times, Trans Union maintained and followed reasonably procedures to avoid violations of the Fair Credit Reporting Act and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff. Trans Union has not acted with malice, negligent, willful or reckless intent to harm Plaintiff, now with reckless or conscious disregard for the rights of Plaintiff, and Trans Union has fully complied with the FCRA. Trans Union will also show that any alleged damage suffered by Plaintiff was not caused by Trans Union.**

**In addition, Trans Union does not have knowledge or possession of facts or documents controlled by Plaintiff. Therefore, this statement is based on the facts known by Trans Union at this time. Trans Union makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.**

**Defendant Trans Union denies Plaintiff's allegations in their entirety, and contends her petition fails to state a plausible claim on which relief can be granted. Whether Plaintiff is liable to BANA for the underlying debt obligation allegedly incurred by Plaintiff's 10 year old daughter, is a question of contract law, not a factual inaccuracy. Trans Union is not obligated under the FCRA to adjudicate a contract dispute between Plaintiff and BANA. *Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876 (9th Cir. 2010). As such, Plaintiff has failed to state a claim for either 1681e(b) or 1681i.**

4. Are there agreements or stipulation that can be made about the facts in this case or any elements in the cause(s) of action?

    The following facts are undisputed:

    i.   **The Court has jurisdiction pursuant to 28 U.S.C § 1331.**

5. What are the parties' view and proposal identified in Rule 26(f)(3)?

**26(f)(3)(A):** What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

**The parties do not request any changes to the timing, form, or requirement for disclosure under Rule 26(a).**

**26(f)(3)(B):** The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

**Discovery may be needed relevant to Plaintiff's claims, Trans Union's defenses and BANA's defenses.  Discovery does not need to be conducted in phases or limited to particular issues.**

**26(f)(3)(C):** Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

**Any disclosure or discovery of electronic files should be produced in printed form or PDF.**

**26(f)(3)(D):** Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

**The parties do not anticipate needing to resolve privilege issues.  If any privilege claims arise, they will be asserted during the course of production.**

**26(f)(3)(E):** What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

**There should not be any changes to the limitations on discovery under federal or local rules.**

**26(f)(3)(F):** Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

None.

6. What, if any, discovery has been completed?  What is any discovery remains to be done?  Have the parties considered conducting discovery in phases?

    **No discovery has taken place.**

7. What, if any, discovery disputes exist?

    **At this time, no discovery disputes exist.**

8. Have the parties discussed desirability of filling a proposed order pursuant to Federal Rule of Evidence 502?

   **Once the parties begin discovery, they will confer and determine whether a proposed order pursuant to FRE 502 is necessary.**

9. Have the parties discussed mediation?

   **Yes, the parties have discussed mediation.**


s/ Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, #6319225
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
Phone: (630) 581-5858
Facsimile: (630) 575-8188
Email: thatz@sulaimanlaw.com
*Attorney for Plaintiff*

s/ Tatiana Alexander (with consent)
McGuire Woods LLP
2000 McKinney Avenue, Suite 1400
Dallas, Texas 75201
Phone: (214) 932-6439
Facsimile: (469) 372-3884
Email: talexander@mcguirewoods.com
*Attorney for Bank of America, N.A.*

s/ Jennifer R. Bergh (with consent)
Quilling, Selander, Lownds, Winslett & Moser, P.C.
6900 North Dallas Parkway, Suite 800
Plano, Texas 75024
Phone: (214) 560-5460
Facsimile: (214) 871-2111
Email: jbergh@qslwm.com
*Attorney for TransUnion LLC*

## CERTIFICATE OF SERVICE

  The undersigned, one of the attorneys for Plaintiff, certifies that on September 16, 2019, he caused a copy of the foregoing, JOINT RULE 26(f) REPORT, to be served via the Court's electronic filing database on all parties of record.

             Respectfully submitted,

             <u>s/ Taxiarchis Hatzidimitriadis</u>
             Taxiarchis Hatzidimitriadis, Esq. #6319225
             *Counsel for Plaintiff*